

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

November 13, 2006

**FILED**

DEC 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rita Bosworth, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

      Re:    United States v. Lindsay Meade
             CR 06-347

Dear Ms. Bosworth:

      This letter sets forth the full and complete plea offer to your client, Ms. Lindsay Meade (your client). This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on Friday, November 24, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges:** Ms. Meade agrees to waive Indictment and plead guilty by Information to a violation of 18 United States Code § 656 (Bank Embezzlement). By pleading guilty pursuant to this plea agreement, Ms. Meade hereby waives her right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Meade and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Meade agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Meade's actions and involvement in the embezzlement. It is anticipated that prior to or during the Rule 11 plea hearing, Ms. Meade will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.    **Potential penalties, assessments, and restitution:** Ms. Meade understands that the maximum sentence that can be imposed is one year imprisonment, a fine of $100,000 (per 18 U.S.C. § 3571(b)(5)), or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding

the maximum sentence, Ms. Meade understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Meade understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§2B1.1

    (a) Base Offense Level    6

§2B1.1

    (b)(1)(B) Loss more that $5,000    +2

§ 3E1.1

    (d) Acceptance of Responsibility    -2

    TOTAL ADJUSTED OFFENSE LEVEL    6

Ms. Meade and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Shaw in this case. In the event that this plea offer is either not accepted by Ms. Meade or is accepted by your client but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Ms. Meade agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $25.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution in the amount to be determined by the Court. Ms. Meade also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that your client continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Meade in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense.

6. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of your client's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

7. **Breach of Agreement:** Ms. Meade agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Meade should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of your client's release (for example, should Ms. Meade commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Meade's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Meade will not have the right to move to withdraw the guilty plea; (c) Ms. Meade shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Meade, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Meade has breached this agreement, and if Ms. Meade so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

8. **USAO-DC's Criminal Division Bound**: Ms. Meade understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Meade.

9. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Meade, Ms. Meade's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Meade may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Meade and her counsel

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

Precious Murchison
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: December 20, 2006

Lindsay Meade
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 12/20/06

Rita Bosworth, Esquire
Attorney for the Defendant