UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-347 (HHK) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDSAY MEADE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND**
**MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) & (b) of the Sentencing Guidelines, to adjust the Defendant's offense level down two levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.   BACKGROUND**

The Defendant was charged in a one-count criminal Information with Bank Embezzlement, in violation of 18 United States Code, Section 656. On December 20, 2006, the Defendant pled guilty to the Information. At that time the Defendant admitted to the following:

Beginning in or about December 2001, through up to and including June 2004, the Defendant worked as a teller at Wachovia Bank, located at 1100 Connecticut Avenue, N.W., in Washington, D.C. Beginning in or about July 30, 2003, and continuing up to in or about June 2004, Defendant Meade executed a scheme to embezzle money, that is, United States currency, from Wachovia by using her position as a teller to gain access to cash and willfully embezzle, abstract, purloin and steal

1

money by removing United States currency from her teller drawer and converting the money to her own use. On multiple occasions from in or about July 30, 2003, and continuing up to in or about June 2004, Defendant Meade willfully and knowingly took cash in increments of approximately $200, $400, $1,500, $1,500 and $1,000 from her teller drawer without the permission of Wachovia, and converted the money for her own use.

On or about June 30, 2006, a Wachovia Investigator interviewed Defendant Meade after a cash shortage was discovered in Defendant Meade's teller drawer. Defendant Meade admitted that on multiple occasions she embezzled currency from Wachovia by removing substantial amounts of currency from her teller drawer and converted the money to pay for personal expenses, including the expenses associated with the repair of automobiles that had been damaged in an accident in which she was involved.

Through her scheme, Defendant Meade has caused the loss of at least $5,008.00 to Wachovia Bank.

## II.    SENTENCING CALCULATION

### A.    Statutory Minimums and Maximums

Pursuant to Title 18, United States Code, Section 656 and Title 18, United States Code, Section 3571(b)(5) and Section 3571(d), and Section 3663A(a)(1), the charge carries a maximum sentence of one year imprisonment, a fine of up to $100,000.00 or a fine of twice the pecuniary gain or loss, a special assessment of $25.00, an order of restitution, and up to one year of supervised release.

### B.    Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR")

calculates the Defendant's total offense level at 6.  See PSR ¶ 25.  The PSR calculates the Defendant's criminal history as Category I.  See PSR ¶ 28.  Therefore, the PSR calculates the Guideline range for the Defendant at 0 to 6 months.  See PSR ¶ 55.

### III.  GOVERNMENT'S RECOMMENDATIONS

####   A.   Acceptance of Responsibility

The government agrees that the Defendant's base offense level should be decreased by two points pursuant to Section 3E1.1 of the Sentencing Guidelines.  She entered a guilty plea, thereby admitting the conduct comprising the offense, and she has apparently cooperated in the pre-sentence investigation.  Accordingly, the government is moving the Court to grant a two-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

####   B.   Government's Sentencing Recommendation

Pursuant to the plea agreement between the government and the Defendant, the Court should impose a sentence within the Guidelines range.  The government will not oppose the Defendant's request that the Court suspend the execution of any period of incarceration and sentence the Defendant to a period of probation.  Therefore, the government respectfully recommends that the Court sentence the Defendant within the Federal Guidelines range of 0 to 6 months of incarceration, and impose a period of five years probation pursuant to 18 United States Code, Section 3561(c)(2).  Said period of probation will enable the Court to ensure that the Defendant makes full restitution.  Additionally, a five-year period of probation will enable the Court to monitor the Defendant who may presumably be responsible for handling money as part of her current employment duties as a leasing specialist.

## IV. CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the Defendant within the Guidelines range of 0 to 6 months of incarceration, and impose a five-year period of probation. Additionally, the government will not oppose the Defendant's request to suspend execution of any period of incarceration imposed by the Court.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____

Precious Murchison
Assistant United States Attorney
Federal Major Crimes Section
Maryland Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class mail to counsel for the Defendant, Rita Bosworth, Esquire, Office of the Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C., 20004, on this 3rd day of April 2007.

_____

Precious Murchison
Assistant United States Attorney